

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL

-------------------------------------------------------- X

GENERAL NUTRITION INVESTMENT
COMPANY AND GENERAL NUTRITION
CENTERS, INC.,

                          Plaintiffs,

     v.

GENERAL VITAMIN CENTERS, INC. and
NAYMA CHEEMA,

                       Defendants.

-------------------------------------------------------- X

Civil Action No.

**10     2763**

**JURY DEMANDED**

**COMPLAINT**

AMON, J.

LEVY, M.J.

Plaintiffs General Nutrition Investment Company and General Nutrition Centers, Inc., by

counsel, for their Complaint against Defendants General Vitamin Centers, Inc. and Nayma

Cheema, allege as follows:

### PARTIES

1.    Plaintiff General Nutrition Investment Company ("GNIC") is a corporation

organized and existing under the laws of the State of Arizona, having its principal place of

business at 1002 South 63rd Avenue at Buckeye, Phoenix, Arizona 85043.

2.    Plaintiff General Nutrition Centers, Inc. ("GNC") is a corporation organized and

existing under the laws of the State of Delaware, having its principal place of business at 300

Sixth Avenue, Pittsburgh, Pennsylvania 15222.  GNC is an indirect parent of GNIC.

3.    Defendant General Vitamin Centers, Inc. ("GVC") is a corporation organized and

existing under the laws of the State of New York, having its principal place of business at 25-12

Steinway Street, Astoria, New York 11103.

4.      Defendant Nayma Cheema ("Mr. Cheema") is an individual who, upon information and belief, resides at 25-12 Steinway Street, Astoria, New York 11103 and operates GVC.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this lawsuit under 15 U.S.C. §§ 1121 and 1125 and under 28 U.S.C. §§ 1331 and 1338.

6.      Upon information and belief, GVC is organized and existing under the laws of the State of New York and has its principal place of business within this Judicial District. For at least these reasons, GVC is subject to the personal jurisdiction of this Court.

7.      Upon information and belief, Mr. Cheema conducts substantial business in the State of New York and resides within this Judicial District. For at least these reasons, Mr. Cheema is subject to the personal jurisdiction of this Court.

8.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(c) because GVC is subject to personal jurisdiction in this Judicial District and 28 U.S.C. § 1391(b) because Mr. Cheema resides in and a substantial part of the events giving rise to the claims occurred in this Judicial District.

## FACTS COMMON TO ALL COUNTS

**A.     Plaintiffs and Their Business**

9.      GNC is the largest global specialty retailer of nutritional products, including vitamin, mineral, herbal, and other specialty supplements and sports nutrition, diet, and energy products. Either directly or through affiliates, franchisees, or licensees, GNC opens, owns, and/or operates retail nutrition, health, and/or fitness stores branded as "General Nutrition

2

Centers." General Nutrition Centers sell, among other things, vitamin and mineral supplements, sports nutrition products, herbs, health foods, cosmetics, and miscellaneous health care products, diet products, sports accessories, fitness products, and specialty workout apparel and are staffed by employees dedicated exclusively to serving customers for these products and services. GNC has more than 4,800 retail locations throughout the United States and franchise operations in 49 international markets.

10.     GNIC, GNC's wholly-owned indirect intellectual property holding subsidiary, has established a substantial portfolio of famous trademarks which are used under license by GNC and its affiliates, franchisees, and licensees in the conduct of the General Nutrition Centers business.

11.     GNIC owns the mark GNC, as used as a trademark in connection with dietary supplements, and as a service mark for retail store services featuring, among other goods, health foods, dietary supplements, nutritional supplements, herbs, vitamins, sports nutrition products, fitness products and apparel, cosmetics, body care, and diagnostic exercise or aromatherapy products (the "GNC Mark").

12.     The GNC Mark is protected by U.S. Trademark Registration No. 2,180,647 (the "'647 Registration"), which is valid and subsisting. A copy of the '647 Registration is attached as Exhibit 1. The '647 Registration is incontestable under 15 U.S.C. § 1065 and stands as conclusive evidence under 15 U.S.C. § 1115(b) of the validity and registration of the GNC Mark, and of GNIC's ownership and exclusive right to use the GNC Mark in commerce.

13.     The GNC Mark is also protected by valid U.S. Trademark Registration No. 3,429,065 (the "'065 Registration"). A copy of the '065 Registration is attached as Exhibit 2.

3

14.   In addition to these two domestic registrations for the GNC Mark, GNIC also owns registrations for the GNC Mark in over 76 countries worldwide.

15.   GNIC also owns the mark GNC GENERAL NUTRITION CENTERS, as used as a service mark in connection with retail stores specializing in food processing and featuring the sale of health foods, supplements, vitamins and minerals, fitness products and apparel, cosmetics, oral and body care, diagnostic exercise, and calorie control products (the "GNC GENERAL NUTRITION CENTERS Mark").

16.   The GNC GENERAL NUTRITION CENTERS Mark is protected by U.S. Trademark Registration No. 1,786,007 (the "'007 Registration"), which is valid and subsisting. A copy of the '007 Registration is attached as Exhibit 3.  The '007 Registration is incontestable under 15 U.S.C. § 1065 and stands as conclusive evidence under 15 U.S.C. § 1115(b) of the validity and registration of the GNC GENERAL NUTRITION CENTERS Mark, and of GNIC's ownership and exclusive right to use the GNC GENERAL NUTRITION CENTERS Mark in commerce.

17.   In addition to this domestic registration for the GNC GENERAL NUTRITION CENTERS Mark, GNIC also owns registrations for the GNC GENERAL NUTRITION CENTERS Mark in over 85 countries worldwide.

18.   Since at least as early as 1964, GNC has expended considerable time, money, and effort in the development, preparation, advertising, promotion, and sale of goods and services under the GNC Mark, throughout the United States and abroad.

19.   Since at least as early as 1990, GNC has expended considerable time, money, and effort in the development, preparation, advertising, promotion, and sale of goods and services

4

under the GNC GENERAL NUTRITION CENTERS Mark, throughout the United States and abroad.

20.     The GNC Mark and the GENERAL NUTRITION CENTERS Mark (together, the "Marks") have become strong and famous marks, and have long been associated with GNIC and GNC, generating substantial value to GNIC and serving as internationally-recognized symbols of GNC's goods and services. The Marks are distinctive and have become well known, in the United States and abroad, as used in connection with GNC's goods and services in the healthy lifestyle industry, resulting in customer recognition that the goods and services offered under the Marks emanate from a single source.

21.     GNC uses the Marks in connection with online advertising and sales services on numerous Web sites, most notably on the company's signature site that it maintains at the domain <gnc.com>, a domain owned by GNIC.

22.     The goodwill embodied in the Marks, and consequently GNC's valuable reputation and credibility in the healthy lifestyle industry, depends on the integrity of the Marks as source identifiers of GNC, and not of any other source.

**B.     Defendants and Their Infringing Activities**

23.     Upon information and belief, Mr. Cheema operates GVC, which has a store at 25-12 Steinway Street, Astoria, New York 11103. GVC purports to specialize in the sale of vitamins.

24.     The GVC store displays the letters "GVC" with "General Vitamin Center" written underneath on a store front sign (the "GVC Sign"). A photograph of the GVC Sign is attached as Exhibit 4.

5

25.     GNC stores often display the GNC Mark and/or the GNC GENERAL

NUTRIONAL CENTERS Mark as a store front sign (the "GNC Sign"). A photograph of one

such GNC Sign is attached as Exhibit 5. The GVC Sign uses the letters "GVC" and the phrase

"General Vitamin Center" (together, the "Infringing Mark") in same or similar letters, of same or

similar size, with same or similar spacing, and same or similar font, as the letters "GNC" and the

phrase "General Nutrition Center" in the GNC Sign.

26.     The Infringing Mark is confusingly similar to, and/or substantially

indistinguishable from, the Marks.

27.     The Infringing Mark reproduces, copies, imitates, and/or constitutes a counterfeit

of, in whole or in part, the Marks.

28.     Neither GVC nor Mr. Cheema is an authorized distributor of GNC goods or

services. Neither has ever sought – and certainly has never obtained – Plaintiffs' authorization,

permission, or endorsement to use any of the Marks as advertising for and in furtherance of

GVC's vitamin sales business.

29.     Defendants have no right in or to any of the Marks.

30.     Consumers are likely to be confused as to the affiliation, connection, or

association of GNC with Defendants' services as advertised, promoted, offered for sale, or sold

under the banner of the Infringing Mark.

31.     On May 14, 2010, Plaintiffs' counsel sent Mr. Cheema, as operator of GVC, a

letter that notified him of GVC's and his infringing activity, informed him of the confusion such

activity is likely to cause, and demanded that Defendants immediately cease their infringing

activity. A copy of this letter is attached as Exhibit 6.

32. Although the letter was delivered to Mr. Cheema on May 18, 2010, neither he nor anyone purporting to act on GVC's behalf has responded to it. Phone calls to GVC's place of business have similarly gone unreturned. Meanwhile, Defendants' infringing activity has continued unabated.

33. Defendants' conduct is intentional and/or reflects a reckless disregard for, or willful blindness to, Plaintiffs' rights, for the purpose of trading on Plaintiffs' reputation and infringing, counterfeiting, and diluting the Marks.

34. As a result of this conduct, Plaintiffs have suffered, and will continue to suffer, irreparable injury and substantial damages, while Defendants have been and will continue to be unjustly enriched.

**COUNT ONE**
**TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114**

35. Plaintiffs repeat and re-allege by incorporation the allegations contained in paragraphs 1 through 34.

36. Defendants use of a confusingly similar copy, reproduction, or colorable imitation of the Marks in connection with vitamin advertising and sales is likely to cause confusion, to cause mistake, or to deceive the public into believing that the sale of vitamins and similar products by Defendants originates with Plaintiffs, is associated with Plaintiffs, is sponsored by Plaintiffs, has the approval of Plaintiffs, and/or is subject to Plaintiffs' supervision and control.

37. Defendants' acts, complained of above, constitute infringement of Plaintiffs' rights in the Marks, in violation of 15 U.S.C. § 1114.

38. As a direct and proximate result of the likely confusion, mistake, or deception caused by Defendants' infringing activity, Plaintiffs have suffered and will continue to suffer irreparable harm if Defendants' conduct is not enjoined.

7

## COUNT TWO
## TRADEMARK COUNTERFEITING – 15 U.S.C. § 1114

39.     Plaintiffs repeat and re-allege by incorporation the allegations contained in paragraphs 1 through 38.

40.     The Infringing Mark is a counterfeit mark under 15 U.S.C. §§ 1116(d)(1) and 1127, as it is a spurious mark that is identical to, or substantially indistinguishable from, the Marks, which are registered and in use.

41.     Defendants' use of the Infringing Mark in advertising and vitamin sales is likely to cause confusion, to cause mistake, or to deceive the public into believing that sales of vitamins at GVC originates with Plaintiffs, is associated with Plaintiffs, is sponsored by Plaintiffs, has the approval of Plaintiffs, and/or is subject to Plaintiffs' supervision and control

42.     Defendants' acts, complained of above, constitute counterfeiting of the Marks under 15 U.S.C. § 1114 because the Infringing Mark, used in connection with GVC advertising and sales of vitamins, is identical to or substantially indistinguishable from the Marks and is used in connection with the same type of goods and services offered by GNC in connection with the Marks.

43.     Defendants' activities entitle Plaintiffs to recover, at Plaintiffs' election, either treble damages for such trademark counterfeiting or an award of statutory damages of not less than $500 and up to $1,000,000 per counterfeit mark per type of goods and services sold, offered for sale, or distributed, as this Court considers just.

44.     Defendants' activities also entitle Plaintiffs to recover prejudgment interest and reasonable attorneys' fees.

45.     Unless Defendants are enjoined, GNC has no adequate remedy at law and will be irreparably harmed.

## COUNT THREE
## UNFAIR COMPETITION – 15 U.S.C. § 1125(a)

46.     Plaintiffs repeat and re-allege by incorporation the allegations contained in paragraphs 1 through 45.

47.     Defendants' use of the Infringing Mark, which contains the terms "GVC" and "General Vitamin Center," is likely to cause confusion, to cause mistake, or to deceive the public into believing that GVC's sales of vitamins and nutritional supplements originates with Plaintiffs, is associated with Plaintiffs, is sponsored by Plaintiffs, has the approval of Plaintiffs, and/or is subject to Plaintiff's supervision and control.

48.     As a direct and proximate result of the likely confusion, mistake, or deception caused by Defendants' unlawful activity, Plaintiffs have suffered and will continue to suffer irreparable harm if the conduct of GVC and Mr. Cheema is not enjoined.

49.     The likely confusion, mistake, or deception caused by Defendants violates 15 U.S.C. § 1125(a).

50.     Under 15 U.S.C. § 1117, Plaintiffs are entitled to recover the costs of this action. The intentional nature of Defendants' unlawful action renders this an "exceptional case," entitling Plaintiffs to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT FOUR
## FEDERAL TRADEMARK DILUTION – 15 U.S.C. § 1125(c)

51.     Plaintiffs repeat and re-allege by incorporation the allegations contained in paragraphs 1 through 50.

52.     The Marks are famous trademarks within the meaning of 15 U.S.C. § 1125(c) and became famous before Defendants began using the Infringing Mark in connection with the advertising and offering for sale of vitamins and nutritional supplements by GVC.

9

53. Defendants are engaged in a commercial use of the Infringing Mark.

54. Defendants' use of the Infringing Mark is disparaging and damaging and lessens

the distinctiveness of the Marks through, at the very least, blurring and tarnishing the Marks.

## COUNT FIVE
## TRADEMARK INFRINGMENT AND UNFAIR COMPETITION
## UNDER NEW YORK COMMON LAW

55. Plaintiffs repeat and re-allege by incorporation the allegations contained in

paragraphs 1 through 54.

56. Defendants' aforesaid acts constitute willful and intentional trademark

infringement and unfair competition under the common law of the State of New York.

57. Defendants' aforesaid acts have caused and, unless restrained by this Court, will

continue to cause great and irreparable injury to Plaintiffs, for which they have no adequate

remedy at law.

## COUNT SIX
## DILUTION AND INJURY TO BUSINESS REPUTATION
## UNDER NEW YORK LAW N.Y. GEN. BUS. LAW § 360-1

58. Plaintiffs repeat and re-allege by incorporation the allegations contained in

paragraphs 1 through 57.

59. Defendants' aforesaid acts are likely to injure the business reputation of Plaintiffs

and dilute the distinctive quality of the Marks in violation of N.Y. Gen. Bus. Law § 360-1.

60. Defendants' aforesaid acts have caused and, unless restrained by this Court, will

continue to cause great and irreparable injury to Plaintiffs, for which they have no adequate

remedy at law.

## JURY DEMAND

61. Plaintiffs respectfully request a jury trial for this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter an Order and Judgment:

A.      That the Marks and the '647 Registration, the '065 Registration, and the '007 Registration are valid and enforceable;

B.      That Defendants' use of the Infringing Mark infringes the Plaintiffs' rights in the Marks under 15 U.S.C. § 1114;

C.      That Defendants' use of the Infringing Mark constitutes trademark counterfeiting under 15 U.S.C. § 1114;

D.      That Defendants' use of the Infringing Mark constitutes unfair competition under 15 U.S.C. § 1125(a);

E.      That Defendants' use of the Infringing Mark constitutes trademark dilution under 15 U.S.C. § 1125(c);

F.      That this is an exceptional case, within the meaning of 15 U.S.C. § 1117;

G.      Preliminarily and permanently enjoining and restraining Defendants, their agents, servants, employees, affiliates, and all persons in active concert or participation with, through, or under them, at first during the pendency of this action and thereafter perpetually:

1.      from using in any manner the Infringing Mark, or any other word, term, name, symbol or device confusingly similar to either of the Marks, except to the extent that Defendants are legitimately selling authorized and valid GNC products;

2.      from using in any manner the Infringing Mark, or any other word, term, name, symbol or device that is likely to disparage, tarnish or dilute the distinctive quality of either of the Marks;

11

3.      from committing any acts likely to cause the public to believe that any of

Defendants' goods or services are GNC's goods or services, or are

authorized by, sponsored by, or in any way associated with either Plaintiff,

in whole or in part;

4.      from otherwise competing unfairly with either Plaintiff in any manner; or

5.      from attempting, causing, or assisting any of the above-described acts.

H.      That Defendants be required to send out notices, in a form approved by Plaintiffs

and the Court, correcting any instances of actual confusion;

I.      That Defendants be ordered to pay any and all damages, including but not limited

to Defendants' profits, and including but not limited to those damages available under 15 U.S.C.

§ 1117, and that said damages or profits be trebled under 15 U.S.C. § 1117(b) where applicable;

J.      That Defendants be ordered to pay, at Plaintiffs' election, either treble damages

for trademark counterfeiting or an award of statutory damages of not less than $500 and up to

$1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or

distributed, as the court considers just;

K.      . That Defendants be required to pay Plaintiffs' pre-judgment interest on all

amounts awarded, and post-judgment interest until paid, at the highest lawful rate;

L.      That Defendants be ordered to file with the Court and serve on Plaintiffs' counsel

within thirty (30) days after entry of any injunction issued by this Court in this action a sworn

written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in

which Defendants have complied with the injunction;

M.      That Defendants be required to pay Plaintiffs' costs, disbursements, and

reasonable attorney fees, as permitted by law; and

12

N.    That Plaintiffs be awarded such other relief as this Court may deem just and

equitable.

Dated: June 16, 2010

                                        Respectfully submitted,

                                        Marshall Beil
                                        MCGUIREWOODS LLP
                                        1345 Avenue of the Americas
                                        Seventh Floor
                                        New York, NY 10105
                                        Tel: 212.548.7704
                                        Fax: 212.715.2319
                                        mbeil@mcguirewoods.com

                                        and

                                        Robert M. Tyler
                                        Jacob H. Rooksby
                                        MCGUIREWOODS LLP
                                        One James Center
                                        901 East Cary Street
                                        Richmond, VA 23219
                                        Tel: 804.775.1000
                                        Fax: 804.775.1061
                                        rtyler@mcguirewoods.com
                                        jrooksby@mcguirewoods.com

                                        *Attorneys for Plaintiffs General Nutrition
                                        Investment Company and General Nutrition
                                        Centers, Inc.*

13

# EXHIBIT 1

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

Reg. No. 2,180,647

## United States Patent and Trademark Office

Registered Aug. 11, 1998

### TRADEMARK
### PRINCIPAL REGISTER

### GNC

GENERAL NUTRITION INVESTMENT COM-
PANY (DELAWARE CORPORATION)
103 SPRINGER BUILDING
3411 SILVERSIDE ROAD
WILMINGTON, DE 19810

FOR: DIETARY SUPPLEMENTS, IN CLASS 5
(U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST    USE    1-1-1964;    IN    COMMERCE
1-1-1964.
OWNER OF U.S. REG. NOS. 1,146,385 AND
1,996,392.

SER. NO. 75-332,301, FILED 7-28-1997.

RONALD MCMORROW, EXAMINING ATTOR-
NEY

ALL-STATE® LEGAL   800-222-0510   EDB11   RECYCLED

# EXHIBIT 2

Int. Cls.: 5, 29, 32 and 35

Prior U.S. Cls.: 6, 18, 44, 45, 46, 48, 51, 52, 100, 101
and 102

Reg. No. 3,429,065

## United States Patent and Trademark Office

Registered May 20, 2008

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER

# GNC

GENERAL NUTRITION INVESTMENT COMPA-
NY (ARIZONA CORPORATION)
1002 SOUTH 63RD AVENUE AT BUCKEYE
PHOENIX, AZ 85043

FOR: POWDERED NUTRITIONAL SUPPLE-
MENT DRINK MIX CONTAINING ONE OR MORE
OF THE FOLLOWING INGREDIENTS, SOY, OAT
OIL, CREATINE, SOY OIL, DEXTROSE, PROTEIN,
NON-FAT MILK, MILK PROTEIN, OR WHEY PRO-
TEIN CONCENTRATE, IN CLASS 5 (U.S. CLS. 6, 18,
44, 46, 51 AND 52).

FIRST USE 1-1-1964; IN COMMERCE 7-0-2002.

FOR: DRINKS BASED IN YOGHURT, NON-FAT
MILK, AND MILK DRINKS CONTAINING FRUITS,
SOY, OAT OIL, CREATINE, SOY OIL, DEXTROSE,
PROTEIN, MILK PROTEIN, WHEY PROTEIN CON-
CENTRATE, MILK MILK CONCENTRATE
FEATURING FRUIT, VEGETABLE, CHOCOLATE,
VANILLA FLAVORINGS, CHOCOLATE FLAVOR-
INGS, VANILLA, FRUIT AND VEGETABLE FLA-
VORINGS; PROTEIN BASED, NUTRIENT DENSE
SNACK BARS, CONSISTING OF SOY, OAT OIL,
CREATINE, SOY OIL, DEXTROSE, NON-FAT MILK,
YOGURT, MILK, PROTEIN, WHEY PROTEIN, FEA-
TURING, CHOCOLATE, VANILLA, FRUIT, VEGE-
TABLE FLAVORED SOY, OAT OIL, CREATINE,
SOY OIL, DEXTROSE, WHEY PROTEIN, AND NON-
FAT MILK, IN CLASS 29 (U.S. CL. 46).

FIRST USE 1-1-1964; IN COMMERCE 7-0-2002.

FOR: DRINKS AND SMOOTHIES, NAMELY,
FRUIT DRINKS, VEGETABLE DRINKS, SMOOTH-
IES, AND BOTTLED WATER; FRUIT DRINKS,
ENERGY DRINKS, SPORT DRINKS, SMOOTHIES,
AND BOTTLED WATER, FEATURING CHOCO-
LATE, VANILLA, FRUIT, VEGETABLE FLAVOR;

FRUIT DRINKS, ENERGY DRINKS, SPORT
DRINKS, SMOOTHIES, AND BOTTLED WATER
ALL CONTAINING SECONDARY COMPONENTS,
NAMELY, SOY, OAT OIL, SOY OIL, CREATINE,
DEXTROSE, WHEY PROTEIN, NON-FAT MILK,
YOGURT, MILK, MILK PROTEIN; SMOOTHIE
CONCENTRATES CONTAINING SECONDARY
COMPONENTS, NAMELY, SOY, OAT OIL, CREA-
TINE, SOY OIL, DEXTROSE, WHEY PROTEIN,
NON-FAT MILK, MILK PROTEIN, WHEY PROTEIN
CONCENTRATE, FEATURING CHOCOLATE, VA-
NILLA, FRUIT, VEGETABLE FLAVORED SOY,
OAT OIL, CREATION, SOY OIL, DEXTROSE, MILK,
YOGURT, WHEY PROTEIN, AND NON-FAT MILK
CONCENTRATE, IN CLASS 32 (U.S. CLS. 45, 46 AND
48).

FIRST USE 1-1-1964; IN COMMERCE 7-0-2002.

FOR: RETAIL STORE SERVICES FEATURING
HEALTH FOODS, DIETARY SUPPLEMENTS, NU-
TRITIONAL SUPPLEMENTS, HERBS, VITAMINS,
SPORTS NUTRITION PRODUCTS, FITNESS PRO-
DUCTS AND APPAREL, COSMETICS, BODY CARE,
DIAGNOSTIC EXERCISE OR AROMATHERAPY
PRODUCTS, IN CLASS 35 (U.S. CLS. 100, 101 AND
102).

FIRST USE 1-1-1964; IN COMMERCE 7-0-2002.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 807,650, 2,180,647 AND
OTHERS.

SER. NO. 76-661,223, FILED 6-7-2006.

THOMAS MANOR, EXAMINING ATTORNEY

# EXHIBIT 3

Int. Cl.: 42

Prior U.S. Cl.: 101

## United States Patent and Trademark Office

Reg. No. 1,786,007
Registered Aug. 3, 1993

### SERVICE MARK
### PRINCIPAL REGISTER



GENERAL NUTRITION, INCORPORATED (PENNSYLVANIA CORPORATION)
921 PENN AVENUE
PITTSBURGH, PA 15222

FOR: RETAIL STORE SERVICES SPECIALIZING IN FOOD PROCESSING, THE SALE OF HEALTH FOODS, SUPPLEMENTS, VITAMINS AND MINERALS, FITNESS PRODUCTS AND APPAREL, COSMETICS, ORAL AND BODY CARE, DIAGNOSTIC EXERCISE AND CALO-

RIE CONTROL PRODUCTS , IN CLASS 42 (U.S. CL. 101).

FIRST USE 3-4-1990; IN COMMERCE 3-4-1990.

OWNER OF U.S. REG. NO. 1,463,984 AND OTHERS.

SER. NO. 74-334,775, FILED 11-25-1992.

AVALYN PITTS, EXAMINING ATTORNEY

# EXHIBIT 4



ALL-STATE LEGAL SUPPLY CO.   1-800-222-0510   EOB11   RECYCLED

# EXHIBIT 5



ALL-STATE® LEGAL   800-222-0510   SD511   RECYCLED

# EXHIBIT 6

**McGuireWoods LLP**
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

ROBERT M. TYLER
Direct: 804.775.7695

# McGUIREWOODS

rtyler@mcguirewoods.com
Direct Fax: 804.698.2197

May 14, 2010

**BY FEDEX**

Nayma Cheema
General Vitamin Centers, Inc.
25-12 Steinway Street
Astoria, New York 11103

> **Re:** **Your Infringing Use of General Vitamin Centers, Inc. and GVC GENERAL VITAMIN CENTER**

Dear Ms. Cheema:

This firm represents General Nutrition Centers, Inc. and its wholly-owned intellectual property investment subsidiary, General Nutrition Investment Company (together, "GNC"), with respect to intellectual property matters. As you may know, GNC is the world's largest specialty retailer of nutritional, diet, and energy products, including vitamin, mineral, herbal, and other specialty supplements. GNC has thousands of retail locations throughout the United States and abroad. GNC owns trademark registrations for its signature mark, GNC, as well as the mark GNC GENERAL NUTRITION CENTERS (together, the "GNC Marks"), in over 70 countries, including the United States.

It recently came to our attention that you operate a company under the name "General Vitamin Centers, Inc." (the "Company") and a store selling nutritional supplements under the same name and using the mark GVC GENERAL VITAMIN CENTER (the "Mark"). As the listed registered agent for the Company, you should know that the Company's name and use of the Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between the Company and GNC, and/or is likely to cause confusion, mistake, or deceive as to the origin, sponsorship, or approval of any goods or services purveyed by the Company, and GNC's goods, services, and commercial activities. Accordingly, the Company's corporate name and use of the Mark infringes GNC's rights under United States trademark law, 15 U.S.C. § 1051 et seq.

GNC has invested considerable resources in building goodwill in the GNC Marks. It intends to vigorously protect these assets against any unlawful or unauthorized uses, including those engaged in by the Company. To that end, and without waiving GNC's expressly reserved rights to other appropriate remedies and relief, we demand that you promptly change the corporate name of the Company and cease using the Mark.

Furthermore, records from the New York Department of State indicate that from December 2005 until March 2007, the Company's name was "General Mineral Centers, Inc." Because there is no material difference between the Company's previous name and the Company's current name, simply reverting to use of "General Mineral Centers" will not be acceptable.

Nayma Cheema
May 14, 2010
Page 2

Please contact me by Monday, May 17th, 2010, confirming that the Company will promptly change its corporate name and cease using the Mark in view of GNC's rights. We are aware of the Company's store located at 25-12 Steinway Street, Astoria, New York, 11103. Please confirm in your response that this store is the only store operated by the Company. In return for your agreement to completely end your infringing activities, we are amenable to discussing with you a reasonable time period for you to transition to another corporate name and mark. Your failure to respond, however, will indicate your willful intention to continue infringing GNC's intellectual property.

I look forward to hearing from you.

Sincerely yours,

Robert M. Tyler

cc:     David Sullivan
        Jacob Rooksby